## Lamberton's Estate

*Enoch C. Filer*, for accountants.
*Alban W. Curtze*, for Georgia S. Lamberton.

WAITE, P. J., December 4, 1940.—The first and final account of the executors of the above estate is before the court for audit and distribution. The account shows the payment of all specific legacies and all claims, except as noted herein. The petition sur audit raised two questions: One involving the interpretation of the will, and the other the deductibility from a bequest of the payment of Federal estate tax which the executors were obliged to pay by reason of property jointly held by decedent and his daughter, Georgia S. Lamberton.

The only unpaid claims are those of the Jenkinson Realty Company and a pledge to the Church of the Covenant. Claimants were duly notified of the filing of the account but have made no proof of their claims. The claims must, therefore, be disallowed.

Item 14 of testator's last will and testament provides as follows:

"I direct my Executors to sell at auction or otherwise, as they may judge best, all my unsold Lots of the 'Lamberton Farm' at Rocky Grove in Sugarcreek Township, Venango County, Pa., and the right and royalty from the oil leases thereon for the best prices obtainable, and also sell my Law Books, bookcases, safe, desks, tables, typewriter, chairs, etc., in my office and all the proceeds therefrom to divide as in the Residuary Item herein provided."

What did testator intend by the use of the words "all the proceeds therefrom to divide as in the Residuary Item

herein provided"? He does not provide that the property referred to in this clause shall become a part of his residuary estate but that it shall be divided as "herein provided". The division in the residuary clause which he preliminarily makes is of the income between his two daughters, Susan L. Foster and Georgia S. Lamberton, who are his adopted daughters and naturally the first objects of his beneficence. Had he died intestate, his property would have been divided between them in equal shares. After carefully reading the whole will, we are of opinion that such was testator's intention and it is, therefore, ordered that the proceeds of the sale of the property embraced in the said clause shall be divided and distributed in equal shares between the said adopted daughters.

The other question raised in the petition sur audit is whether the sum of $1,123.94 should be deducted from a bequest of $10,000 to Georgia S. Lamberton by reason of the payment by the executors of additional Federal estate tax imposed upon the estate on property which was owned jointly by Georgia S. Lamberton and decedent, Edwin H. Lamberton.

At the time of his death decedent owned, in joint tenancy with his daughter Georgia S. Lamberton, the following assets:

| | |
|---|---|
| Lamberton National Bank, savings account | $ 5,062.50 |
| The Marine National Bank, savings account | 5,110.39 |
| United States Savings Bonds (baby bonds) | 1,580.00 |
| | $11,752.89 |

On the death of Edwin H. Lamberton, testator, under the provisions of the law of the Commonwealth of Pennsylvania relating to joint estates, the foregoing property passed to the survivor, Georgia S. Lamberton. The property did not become an asset of the estate, and never passed into the possession of the executors.

The Act of July 14, 1936, P. L. 44, provides that whenever property is held in joint tenancy, so that upon the death of one the survivor has the right to immediate ownership or possession, the accrual of such right by the death of one shall be deemed a taxable transfer of the fractional portion of the property. The Department of Revenue of the Commonwealth of Pennsylvania, in determining the taxable estate of decedent, included one half of the property jointly held, and determined the tax to be $117.53. This was paid by the executors and refunded to the estate by Georgia S. Lamberton. Georgia S. Lamberton now takes the position that this amount should have been paid from the residue of testator's estate, and should now be refunded to her.

Under paragraph 5 of testator's last will, he bequeathed the sum of $10,000 to his daughter Georgia S. Lamberton. Of this amount, $8,000 has been paid by the executors, and $2,000 retained for repayment to them of the estate's liability for Federal estate tax by reason of the property owned jointly by decedent and Georgia S. Lamberton.

In determining the Federal estate tax, the Department of Revenue added to the testamentary estate the total value of the property jointly held and determined the total estate subject to Federal tax to be $210,449.20. This was made up as follows:

| | |
|---|---|
| Jointly-owned property | $ 11,752.89 |
| Testamentary estate | 198,696.40 |
| Total estate subject to Federal tax | $210,449.20 |
| Total estate tax | 20,125.60 |

Testator's will contains no general provision relative to the payment of taxes, except as to the legacies appearing in the will. Paragraph 3 of testator's will provides: "This and all legacies herein shall be free of tax". Item 16 of testator's will provides: "All legacies herein are to be free of tax".

In an opinion by this court dated October 14, 1938, at no. 143, September term, 1938, the following decree was entered:

"And now to wit, October 14, 1938, it is ordered and decreed that all inheritance taxes in the estate of Edwin H. Lamberton be paid out of the residuary estate and that the full amount of the respective legacies be paid to the several legatees therein named without deduction."

Since the property in the joint account passed to the survivor, not as a legacy, but by operation of law under the provisions of the law of the Commonwealth of Pennsylvania relating to joint estates, the tax on the joint property was not directed to be paid from the residuary estate. In our opinion the property held jointly by decedent and Georgia S. Lamberton is taxable to Georgia S. Lamberton. See Ely's Estate, 28 D. & C. 663. The Act of July 2, 1937, P. L. 2762, must be invoked to determine how this tax is to be prorated. This act provides in part as follows:

". . . or under the provisions of any estate tax law of the United States heretofore or hereafter enacted upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, except in a case where a testator otherwise directs in his will, shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues. Such proration shall be made by the orphans' court in the proportion as near as may be that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate . . ."

"The tax shall be paid by the executor, administrator, or other fiduciary as such out of the estate before its distribution. In all cases in which any property required to be included in the gross estate does not come into the possession of the executor, administrator or other fidu-

ciary as such, he shall recover from whomever is in possession, or from the persons interested in the estate, the proportionate amount of such tax payable by the persons interested in the estate with which such persons are chargeable under the provisions of this section, and the Orphans' Court may, by order, direct the payment of such amount of tax by such persons to the executor, administrator or other fiduciary."

The property passing to Georgia S. Lamberton under the joint tenancy agreement was not a part of decedent's estate and did not pass as a legacy under his will, although it is made subject to both State and Federal inheritance tax. In our opinion, the provisions of testator's will above quoted as to the payment of taxes, etc., on the legacies therein contained would not extend to property embraced in a joint tenancy and not passing as a legacy under the will. Crooks' Estate, 36 D. & C. 58, cited and relied upon by the attorney for Georgia S. Lamberton, is distinguishable and not controlling in this case. In that estate the provisions of the will relating to the payment of all inheritance and transfer taxes out of the residuary estate are as follows: "I direct that all estate, inheritance and transfer taxes of every kind and character assessed against my estate, or any interest therein, passing hereunder . . . shall be paid out of my residuary estate." This provision was properly held to apply to the major portion of the estate, which was set up as an insurance trust under the terms of the will.

In our opinion, therefore, in making distribution, the proportionate part of the tax upon the joint property passing to Georgia S. Lamberton should be deducted from the $2,000 still retained by the estate of the bequest to Georgia S. Lamberton of $10,000 and after said deduction the balance should be paid over to her. The prorated portion of this tax applicable to the property jointly held is $1,123.94.

An appropriate order will be made in accordance with this opinion.